UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| NORYS A. GONZALEZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 1:10-cv-00899-DML-TWP |
| | ) | |
| MICHAEL J. ASTRUE, Commissioner | ) | |
| of the Social Security Administration | ) | |
| | ) | |
| Defendant. | | |

# Order on Motion for Attorneys' Fees

This matter is before the court on the motion (Dkt. 31) by plaintiff Norys A. Gonzalez for an award of attorneys' fees and expenses under the Equal Access to Justice Act (EAJA), 28 U.S.C. §2412(d), following the court's entry of final judgment remanding this case to the Commissioner of the Social Security Administration ("Commissioner") for further proceedings. Ms. Gonzalez seeks an award of $6,978.67.

Section 204(d) of the EAJA, 28 U.S.C. §2412(d), requires in a suit by or against the federal government that the court award to a prevailing party (other than the United States) her attorneys' fees and expenses, unless the court finds that the United States' position was substantially justified or special circumstances make an award not just. Financial means tests also affect eligibility for a fee award, §2412(d)(2)(B), but those tests rarely come into play for a person seeking disability benefits under the Social Security Act. The party's motion to recover her fees must be timely and supported by an itemized statement from the party's attorney "stating the actual time expended and the rate at which fees and other expenses were computed." 28 U.S.C. §2412(d)(1)(B). The amount of attorneys' fees must be reasonable and "shall be based upon prevailing market rates for the kind and quality of the services furnished," subject to

a cap rate of $125 per hour plus an increase based on the cost of living if a fee higher than $125 is justified. 28 U.S.C. §2412(d)(2)(A).

The Commissioner opposes Ms. Gonzalez's fee request solely on the ground that Ms. Gonzalez has not shown that an increase in the cost of living since 1996 or a special factor (such as the limited availability of qualified attorneys) justifies a rate over $125, as addressed in a recent Seventh Circuit opinion in *Mathews-Sheets v. Astrue,* 653 F.3d 560, 563 (7th Cir. 2011). The Commissioner contends therefore that Ms. Gonzalez is entitled to fees only at the $125 rate plus expenses, for a total award of $5,092.13.

The EAJA allows attorneys' fees at "prevailing market rates," but subject to a cap. The ceiling is $125 per hour "unless the court determines that an increase in the cost of living *or* a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. §2412(d)(2)(A)(ii) (emphasis added). In *Mathews-Sheets v. Astrue,* 653 F.3d 560 (7th Cir. 2011), the court found that the EAJA does not automatically entitle an attorney to an inflation adjustment and one is not presumed even though the $125 cap rate was set in March 1996. The court stated that "[i]nflation affects different markets, and different costs in the same market, in different ways," *id.* at 563, and a lawyer seeking an adjustment because of an increase in the cost of living must show that "inflation has increased the cost of providing adequate legal service to the person seeking relief against the government." *Id.* at 563.

The *Mathews-Sheets* decision does not prescribe any particular manner in which a lawyer might demonstrate that inflation has increased the cost of legal services available to persons seeking redress against the government. The Commissioner contends that a lawyer must present proof that without a cost-of-living increase, no lawyer can be found in the relevant geographical area to competently handle the client's judicial challenge to the denial of disability

2

benefits. Although a sentence can be plucked out of the opinion in *Mathews-Sheets* to support this argument, the Commissioner has conflated the two separate bases under the EAJA that justify a rate higher than the $125 cap. This court does not read *Mathews-Sheets* to limit the availability of a fee higher than $125 based on an increase in the cost of living only where the lawyer can prove that qualified attorneys would not otherwise be available.

Ms. Gonzalez's counsel has done more than simply rely on the Consumer Price Index to justify her request for a cost-of-living increase to the $125 cap. First, she has provided proof that the normal hourly rate she routinely charges and is paid ($200-$250 per hour) is significantly higher than $125. Second, she has provided to the court Producer Price Index data published by the United States Bureau of Labor Statistics reflecting costs in "Offices of Lawyers." That data shows an increase in the Producer Price Index over 70% from 1996 when the statutory $125 rate was set to 2010 and 2011 when the legal services were provided to Ms. Gonzalez in this case. That increase greatly exceeds the increase in the Consumer Price Index over the same period, an increase in the 38% to 44% range. This data supports an inference that the legal services market has not been immune to inflation, and that inflation *and* other economic forces have substantially increased the cost of providing legal services since 1996. The fact that the market actually values counsel's services at a $200 or $250 hourly rate, combined with the other data, convinces the court in this case that counsel has presented sufficient evidence to justify a fee higher than $125 because of an increase in the cost of living since 1996.[1]

---

[1] The *Mathews-Sheets* framework is new, and district courts within the Seventh Circuit undoubtedly will continue to refine the evidentiary expectations of claimants' counsel in Social Security disability cases (and other matters for which an award under the EAJA is available) who seek reimbursement at a fee higher than $125 based on inflation. This court is unlikely to require evidence akin to expert economic analysis. In this district, fee awards under the EAJA in Social Security disability cases routinely fall within a range of $4,000 to $6,600, *see Mathews-Sheets v. Astrue,* 2012 WL 566108 at *3 n.4 (S.D. Ind. Feb. 21, 2012), and the court should not demand

Ms. Gonzalez seeks an hourly rate of $173.72 for work performed by her attorney in 2010 and $180.23 for work performed in 2011 based on the percentage increase in the Consumer Price Index between March 1996 and the year the legal services were performed. Other than arguing that Ms. Gonzalez did not meet a burden for *any* inflation adjustment, the Commissioner has not challenged Ms. Gonzalez's use of the CPI or her math computations. The court is satisfied that the rates requested by Ms. Gonzalez, using the CPI to calculate an appropriate inflation adjustment, are no greater than the prevailing market rate compensable under the EAJA. *See also Tchemkou v. Mukasey,* 517 F.3d 506, 512 (7th Cir. 2008) (approving hourly rate of $161.85 for EAJA fee award for work in 2006, and stating that "given the passage of time since the establishment of the [statutory $125 rate in 1996], a cost-of-living adjustment is warranted.").

The Commissioner also requests that the court provide him an opportunity to determine whether Ms. Gonzalez has pre-existing debt to the government before paying any award to her counsel, consistent with the Supreme Court's discussion in *Astrue v. Ratliff,* 130 S.Ct. 2521 (2010). The court agrees that is appropriate.

## **Conclusion**

For the foregoing reasons, Ms. Gonzalez's motion for an award of attorneys' fees (Dkt. 31) under the EAJA is GRANTED. The court awards to Ms. Gonzalez attorneys' fees under 28 U.S.C. §2412(d) in the amount of $6,978.67. The Commissioner promptly, and within 30 days of the entry of this order, must determine whether the United States is entitled to and will exercise a right of offset (and if so, the amount of the offset) against the award because of a pre-existing debt Ms. Gonzalez owes to the government. The amount of the fee award remaining

---

proof that could be more expensive to gather than the fees requested. And because the government could be ordered to pay those "fees on fees," that result would not serve its interests either.

after offset, if any, shall be paid and delivered to Ms. Gonzalez's counsel consistent with the assignment in the record (Dkt. 31).

So ORDERED.

Date: __05/09/2012__

Debra McVicker Lynch
United States Magistrate Judge
Southern District of Indiana

Distribution:

Thomas E. Kieper
UNITED STATES ATTORNEY'S OFFICE
tom.kieper@usdoj.gov

Jennifer M. Hess
JenHessAtty@aol.com